DESNOYERS SHOE COMPANY, Appellant, v. LISMAN & RAMSEY, Defendants, E. A. LUTTER Interpleader, Respondent.

St. Louis Court of Appeals, October 23, 1900.

1. **Attachment: INTERPLEADER: FRAUD: INSTRUCTION: ERRONEOUS.** The instruction given at the request of interpleader told the jury that before they could find a verdict for plaintiff, they must believe from the evidence that the interpleader participated in an intent on the part of defendant to "hinder and delay" their creditors: Held, that this instruction was wholly unwarranted by the statute, which *disjoins* the several intents invalidating sales as to creditors of the vendor.

Desnoyers Shoe Co. v. Lisman & Ramsey.

2. ———: ———: ———: INSTRUCTION ON THE WHOLE CASE.
The instruction also purported to cover the whole case, and *condi-
tioned* the finding for plaintiff, and hence was not cured by other
instructions, free from the defect; the rule reading together all the
instructions given in a case, warrants the supplementing of an im-
perfect by a perfect instruction; or in other words, the curing of
*omissions* in one instruction by a complete and correct statement in
another one; but it does not go to the extent of holding that an in-
struction radically wrong given for plaintiff can be cured by another
on behalf of the same party, free from the vice of the former. Such
repugnant directions afford no guide to the jury, nor can it be pre-
sumed that the jury followed one rather than the other.

Appeal from the Texas Circuit Court.—*Hon. Leigh B.
Woodside,* Judge.

REVERSED AND REMANDED.

*Orchard & Saye* for appellant.

(1) The court erred in giving instructions numbers two
and three on the part of the interpleader. The second in-
struction makes the jury find that the sale was to Lutter for
the purpose of defrauding their creditors. It should have
gone further and said for the purpose of defrauding, hinder-
ing, or delaying their creditors. The third instruction re-
quires the jury to find that the sale was made with fraudulent
intent to hinder and delay their creditors, hence it is erron-
eous. Burgert v. Borchert, 59 Mo. 80; State to use v. Nauert,
2 Mo. App. Rep. 255. (2) Instruction number four is open to
objection because it uses the words hindering or delaying their
creditors, without the words to defraud, and without further
qualifying said instruction by saying that while any acts or
conduct of the interpleader after the sale would not effect the
sale, yet, any acts, statements, or conduct of the interpleader
might be considered by the jury, in connection with all the
other facts given in evidence, as showing good faith of the

interpleader. Burgert v. Borchert, 59 Mo. 80; State to use v. Nauert, 2 Mo. App. Rep. 295. (3) The court erred in giving instruction number 5. It states that the jury has no right to presume that E. A. Lutter purchased the stock of goods from Lisman & Ramsey with the knowledge of an intent on their part to hinder or defraud their creditors. In the first place, the court should have qualified it by stating that while the one charging fraud must prove it; yet such facts might be proven by circumstantial evidence, that it was not necessary to prove fraud by direct or positive evidence. Gardner v. Ismay, 55 Mo. App. 323; Martin v. Estes, 132 Mo. 402;

*H. M. Pollard* for appellant.

The language of the statute has been construed by this court and by the supreme court of this state in divers cases. Let me repeat that language. "All conveyances made with intent to hinder or delay or defraud creditors shall be void." Not hinder, delay and defraud creditors. If the party intends to either hinder or delay or defraud then the sale is void. Burgert v. Borchert, 59 Mo. 80; Crow v. Beardsley, 68 Mo. 435; Rupe v. Alkire, 77 Mo. 641; Dougherty v. Cooper, 77 Mo. 528.

*A. H. Livingston* for respondent.

(1) The facts and the law of this case are precisely the same as in the case of Keet-Rountree Shoe Co. v. This Respondent, 149 Mo. 85. (2) The law of this case is fully settled by repeated adjudications, and every proposition in it is fairly and properly covered by the instructions for both sides. There is no evidence that Lisman & Ramsey sold the stock of goods with the fraudulent intent to hinder or delay their creditors. They had a right to sell rather than see their

property sacrificed under forced sale. Baker v. Harvey, 133 Mo. 653; Dougherty v. Cooper, 77 Mo. 531; Grovery Co. v. Lewis, 69 Mo. App. 463; Gens v. Hargadine Co., 56 Mo. App. 245. (3) Even if it could be inferred that Lisman & Ramsey intended by the sale to defraud their creditors, still there is not one word or scintilla of evidence tending to show that interpleader knew, or had any knowledge of any such purpose on the part of Lisman & Ramsey. So far as Lutter is concerned, it is as fair a transaction and as free from any suspicion of fraud as was ever detailed in court. But, even if they existed, suspicion and circumstances are not sufficient to charge him with fraud. He must have known it at the time of purchase. Sammons v. O'Neill, 60 Mo. App. 530; Hearn & Co. v. Due, 79 Mo. App. 322; VanRaalte v. Harrington, 101 Mo. 602; State to use v. Mason, 112 Mo. 374. (4) An additional brief is filed in this cause, in which some very fine-sighted and hypercritical points are raised. All this labored contention and elaborate brief is over the disjunctive "or" and the conjunctive "and." The exact language insisted on as being proper and essential is contained in appellant's first instruction: "With intent to defraud, hinder or delay their creditors." Likewise in their second instruction. In their third they use the words, "hinder or delay." Also in the fourth and fifth the same language as in the third. Any seeming errors that might appear in respondent's instructions are cured by those asked and given for appellant. Judgments will not be reversed because of instructions which are subject to mere verbal criticisms or technical objection. Mayor v. Burns, 114 Mo. 426; State v. Ellis, 11 Mo. App. 587.

BOND, J.—Defendants, Lisman & Ramsey, were merchants in Willow Springs, Mo., indebted generally in the sum of $5,000, a part of which was due to the plaintiff corpora-

tion.   About the 24th of September, 1895, they sold their stock of goods, book accounts, and all other mercantile assets to one E. A. Lutter, a citizen of Wisconsin, who paid therefor the sum of $4,350, made up of a draft of a Wisconsin bank on a Chicago bank for $2,200, a due bill for $1,600 previously loaned by him to defendants, and a balance of $550, which he paid in cash.   The attending circumstances disclosed in the evidence indicate that this trade was made by defendants for the purpose of hindering, delaying or defrauding their creditors.   There are also circumstances from which it might be inferred that the said E. A. Lutter was cognizant of this purpose and intended to assist in its promotion.   After he was put in possession of the goods and assets plaintiff herein attached the same, whereupon he interpleaded and upon issues thereon raising the question of fraud in the sale to him, the cause was submitted to a jury and a verdict rendered in his favor, from which plaintiff appealed.

The principal error assigned relates to the instruction given by the court at interpleader's request, wherein the jury were told that before they could find a verdict for plaintiff they must believe from the evidence that the interpleader participated in an intent on the part of the defendants to "hinder *and* delay" their creditors.   This instruction was wholly unwarranted by the statute, which *disjoins* the several intents invalidating sales as to creditors of the vendor.   R. S. 1899, sec. 3398.   The instruction also purported to cover the case and conditioned a finding for plaintiff.   Hence it was not cured by other instructions free from the same defect. "The rule reading together all the instructions given in a case, warrants the supplementing of an imperfect by a perfect instruction; or, in other words, the curing of *omissions* in one instruction by a complete and correct statement in another one; but it does not go to the extent of holding that an instruction given for respondent which is radically wrong—that is,

perverts the law or prejudices the facts—can be cured by another on behalf of the same party which is free from the vice of the former.　Such repugnant directions afford no guide to the jury, nor can it be presumed that they followed one rather than the other." Linn v. Massillon Bridge Company, 78 Mo. App. loc. cit. 118 and cases cited.　It is insisted, however, by the learned counsel for respondent that the decision of the supreme court in another branch of this litigation (Shoe Co. v. Lisman, 149 Mo. 85), should dominate the present appeal.　In that case a judgment for the interpleader was affirmed, but it nowhere appears that the instructions under review before us were passed upon by the supreme court.　On the contrary its decision turned entirely on a proposition submitted in the brief of appellant as to the evidential force of the refusal of the interpleader to do—what he had no power to do—, i. e., to stop the payment of the draft by one bank on another indorsed by him in part payment of the purchase of the goods.　It follows that the judgment herein must be reversed and the cause remanded.　All concur.