Mantel Co. v. Thaler.

## CENTRAL MANTEL COMPANY, Appellant, v. THALER et al., Respondents.

### St. Louis Court of Appeals, October 23, 1908.

1. **PRACTICE: Variance: Quantum Meruit.** In an action *quantum meruit* for the reasonable value of work done and material furnished for a building, an instruction which authorized a deduction from the amount of the plaintiff's claim for damage sustained by the defendant for furnishing inferior materials, was erroneous, the action not being on contract, and there being no counterclaim filed by defendant.

2. ————: ————: ————: **Conflicting Instruction.** And the error was not cured by an instruction for plaintiff allowing a recovery for the reasonable value of the material and labor; such an instruction was inconsistent with the instruction for defendant.

3. **EVIDENCE: Estoppel.** In an action by a subcontractor to enforce a mechanic's lien brought against a contractor and owner, the fact that the contractor gave an order to the plaintiff upon the owner for the part claimed to be due for work done and material furnished, did not estop him to assert that certain defects were not repaired by the subcontractor, unless he knew fully at the time he gave the order the character of the alterations that had been made.

4. ————: **Transactions Between Other Parties.** In an action to enforce a mechanic's lien for material furnished, evidence that the materialman, the plaintiff, was paid by a subcontractor to replace certain defective material, was incompetent as against the original contractor and owner.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse McDonald*, Judge.

REVERSED AND REMANDED.

*Seneca N. & S. C. Taylor* for appellant.

This instruction offered by defendant predicated his defense on an alleged breach of contract. The court undertook to modify this instruction, which from the wording of the instruction seemed impossible. Now, as there was no counterclaim filed, nor contract put in evidence

that instruction was certainly bad, the only question in issue was the reasonable value of the material furnished by plaintiff. Baer v. Lisman, 85 Mo. App. 317; Herbert v. Boot & Shoe Co., 90 Mo. App. 306; Harrison v. Lakenan, 189 Mo. 583.

*E. E. Schnepp* for respondents.

GOODE, J.—This action was instituted to enforce a mechanic's lien for a balance alleged to be due plaintiff for furnishing and setting mantels and tiling in four flat buildings. The total charge for the mantels and the tiling around them, was nine hundred dollars, and of this sum the owner of the premises, Thaler, paid eight hundred and fifty dollars. He refused to pay the balance because he found three faults in the material and workmanship after the mantels had been set. These faults were a patch glued on an upright column of one of the mantels, a warp, or bend away from the wall of the room in one column of another mantel and corners broken off some of the tiles. Thaler called attention to those faults and plaintiff agreed to correct them and sent workmen to the building for the purpose. Testimony for plaintiff shows all the matters of which Thaler complained were altered to his satisfaction, and on May 15, 1906, he gave a written order for the balance of fifty dollars to one of the Murphys, who are the other defendants in the case and whose interest grows out of a deed of trust held by them on the premises. The order was given pursuant to an arrangement by which the Murphys were to advance money to pay obligations incurred by Thaler in building the houses. Thaler admitted giving the order but sought to obviate the force of the circumstance as showing an acceptance of the work. He swore, as did plaintiff's witness, it was agreed between him and plaintiff the defects in the tiles and mantels should be made good, and that while he was on

the premises one day a workman of plaintiff's came there to make the proper alterations and he (Thaler) taking it for granted they would be made according to the agreement, signed the order for the balance of the price and sent it to plaintiff; but on subsequently finding the defects had not been corrected, he stopped payment of the order. There is a conflict of evidence regarding whether the faults in the tiles and mantels were corrected as agreed, and also whether Thaler gave the order under the circumstances he swore and then stopped payment of it, or gave it after he had fully examined the alterations and expressed satisfaction with them. The action is *quantum meruit* for the reasonable value of the work and materials done and furnished by plaintiff, after crediting the lien account with the amount defendant has paid. No counterclaim was filed, but at the trial counsel for Thaler offered testimony of the amount of damage sustained by Thaler in consequence of defects in the job. This evidence was excluded by the court, and as far as the reception of testimony was concerned, the case was tried on the theory that the essential issue was the reasonable value of plaintiff's work and material. This theory was adopted, too, in the instructions granted on plaintiff's request, but at the instance of defendant the court gave the following instruction, of which complaint is made:

"The court instructs the jury that if you believe from the evidence that the Central Mantel Company failed to furnish material and work for said mantel work for Solomon Thaler for furnishing mantels for the building No. 4530-32 Washington avenue, St. Louis, and furnished inferior mantels or failed to properly set same, or all the above, then the jury may, if in your judgment you see fit, deduct from the balance owing said plaintiff company under said claim, such an amount or amounts as you believe from the evidence will compensate the said Thaler for damage, if you so find, he

has sustained from the failure of said company to furnish work and materials of the reasonable value of $900."

1. The language of that instruction is confused; but plainly it diverged from the issue of the reasonable value of the work and material, and threw into the case the question of damage sustained by Thaler on account of a breach by plaintiff of either an express or implied contract to furnish a certain quality of material and do a certain quality of work. No contract of either sort was declared on by plaintiff or interposed as a counterclaim by defendant. It appears from the evidence the original agreement between plaintiff and Thaler called for mantels of medium grade and it was not shown those furnished were inferior to this grade, but only that there were defects in two of them. Neither was it said or proved the tiling was of an inferior kind, but only that the corners of some of the tiles were broken off. Therefore the jury was permitted to find against the plaintiff on a counterclaim not pleaded and of which there was no evidence. It was competent for defendant to show the faults of which he complained, not as proof of damages suffered from a breach of contract, but as bearing on the reasonable value of the work and material. As the instruction under review submitted the cause on a question not presented by either the pleadings or the proof, it is erroneous. [McClure v. Feldmann, 184 Mo. 710.]

2. Counsel for defendant maintain that because the instructions given for plaintiff advised the jury they should return a verdict in plaintiff's favor if they believed the material furnished and labor performed were reasonably worth nine hundred dollars, the proper view is that the above instruction given for defendant, left it to the jury to say whether, if plaintiff furnished inferior or defective mantels or failed properly to set them, the job was of the reasonable value of nine hundred dollars.

This interpretation cannot be accepted without disregarding the language of the instruction, which implies the breach of a contract to furnish material and do work of a certain quality, thereby entitling defendant to compensation for his damages. In other words, the charge proceeded on the theory that defendant ought to recover whatever damage he had sustained to his property as a whole on account of plaintiff's breach, instead of having the defects taken account of in arriving at the reasonable value of the work and material. The instructions for plaintiff and the one given for defendant are inconsistent, and in view of the pleadings the latter should not have been given. [Desnoyers Shoe Co. v. Lisman, 85 Mo. App. 340.]

3. Plaintiff asked the court to instruct that if the jury found defendant made specific complaint of the tiling and mantels after they were in place, and agreed with plaintiff to pay the balance of fifty dollars if plaintiff would alter the work in accordance with defendant's objections, and further found plaintiff, pursuant to this agreement made the requested alterations and thereafter Thaler gave a written order for the fifty dollars balance, he was estopped to assert the work was defectively done. The order under those conditions would not estop Thaler; at least, unless he knew fully the character of the alterations when he gave it. But if he agreed if plaintiff would make certain changes in the work, he would pay the balance claimed, and those changes were made, he was, of course, liable for the balance. The order was simply an item of evidence tending to show the alterations were made as agreed.

4. The corners of some of the tiles were broken by the men who laid the hardwood floors, and the evidence tends to prove the contractor to lay the floors paid the mantel company to replace the broken tiles with whole ones. Evidence of these facts was received over the objection of plaintiff's counsel, for the purpose, the court said,

of showing the feeling existing between the parties to this cause. We think it was not competent for any purpose, as it was a transaction between the contractor for the floors and the mantel company with which Thaler had no concern. Both parties to this action concede plaintiff agreed to fix the tiles, and the question of whether or not some third party paid the expense of fixing them is immaterial. The true question at this point was whether plaintiff did fix them in accordance with its agreement to do so.

The judgment is reversed and the cause remanded. All concur.